**UNITED STATES of America**

v.

**PINTO, Biagio a/k/a Bob Pinto, Appellant.**

**No. 80–2420.**

United States Court of Appeals, Third Circuit.

June 10, 1981.

See also, D.C., 486 F.Supp. 578.

Jacob Kossman (argued), Philadelphia, Pa., for appellant.

Peter F. Vaira, Jr., U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Section, Stanley Weinberg, Asst. U. S. Atty. (argued), Philadelphia, Pa., for appellee.

## SUR PETITION FOR REHEARING

Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM and SLOVITER, Circuit Judges.

The petition for rehearing, 3 Cir., 646 F.2d 833, filed by Appellee in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

Circuit Judge ADAMS votes for rehearing. He believes that the result reached by the opinion represents a crabbed and unrealistic interpretation of § 18 U.S.C. § 2113(b), and is also at variance with the interpretation set forth by the Second, Fourth, Fifth and Eighth Circuits. The panel here specifically determined that the defendant did, in fact, take the excess money with the intent to steal or purloin it, but then proceeded to conclude that a "fraud type" stealing or purloining is not encompassed by § 2113(b). Nothing in the legislative history of the statute demonstrates that Congress sought to exclude "fraud type" stealing.

The petition for rehearing suggests that in 1979 the Federal Reserve System alone handled approximately 35,000,000 interbank transactions. 66th Annual Report, Board of Governors of the Federal Reserve System, 300, 323 Table 9. Undoubtedly, the overwhelming majority of these transactions were processed without error. But, as the present case illustrates, errors sometimes occur. The interpretation reached by the panel would exclude from coverage of § 2113(b) an individual's knowing exploitation of errors arising in connection with interbank transfers, to the detriment of the banking system and the public generally.

Circuit Judge GARTH also votes for rehearing and joins Circuit Judge ADAMS' statement.